UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLORIA SUN JUNG YUN,<br><br>                              **Plaintiff,**<br><br>       v.<br><br>STATE OF NEW JERSEY et al.,<br><br>                             **Defendants.** | Civ. No. 18-cv-1804 (KM) (SCM)<br><br>**OPINION** |

## KEVIN MCNULTY, U.S.D.J.:

Pro se plaintiff Gloria Sun Jung Yun ("Ms. Yun") brings this Complaint (DE 1) against defendants the State of New Jersey, the Edison Police Department, Nicholas P. Parenty ("Officer Parenty"), four unnamed officers, Prosecutor Metha (first name unknown), former Governor of the State of New Jersey Christopher Christie, current Secretary of State for the State of New Jersey Tahesha Way (collectively, the "New Jersey Defendants"), Governor of the Commonwealth of Pennsylvania Thomas Westerman Wolf, Pennsylvania Secretary of Transportation Leslie Richards, former Secretary of the Commonwealth of Pennsylvania Robert Torres (collectively, the "Pennsylvania Government Defendants"), and former United States Secretary of State Rex Tillerson. The Complaint arises out of events related to a traffic stop and arrest in Edison, New Jersey.

Now before this Court is the motion to dismiss brought by the Pennsylvania Government Defendants under Fed. R. Civ. P. 12(b)(2) and (6). (DE 11) Also before this Court are Ms. Yun's two motions to strike that motion to dismiss (DE 12, 16). For the reasons set forth in this Opinion, the motion is

1

granted and the complaint is dismissed as to the Pennsylvania Government Defendants only.

## I. BACKGROUND[1]

### A. Facts

For the purposes of this motion to dismiss, the plaintiffs' allegations are accepted as true and disputed facts are construed in favor of the plaintiffs.

Ms. Yun, the plaintiff, admits that, at least "[a]ccording to the law," she is a citizen of Pennsylvania. (Cmplt. ¶ 64; *Id.* p. 3). She asserts, however, that in reality she is a sovereign citizen, (*id.* p. 4), and a member of the American National People's [or People of the] Creator, a "nonresident private organization." (*Id.* at ¶ 13b).

Christopher Christie was the governor of the State of New Jersey unti January 2018. (*Id.* p. 3). Secretary Way is currently the Secretary of State for the State of New Jersey. (*Id.*). Defendant the Edison Police Department is located in Edison, New Jersey. (*Id.*). Defendant Officer Parenty is a police officer for the Edison Police Department. (*Id.* p. 3; *id.* ¶ 3-5). The four unnamed officers presumably also work for the Edison Police Department. Prosecutor Metha is a prosecutor in Edison, New Jersey. (*Id.* p. 3).

Governor Wolf is the Governor of the Commonwealth of Pennsylvania. (*Id.* p. 3). Secretary Richards is the Secretary of Transportation in the Commonwealth of Pennsylvania, and oversees driver's licenses for the Commonwealth. (*Id.*). Former Secretary Torres was previously Secretary of the Commonwealth of Pennsylvania. (*Id.*).

Defendant Tillerson was previously the United States Secretary of State. (*Id.* p. 3).

On September 21, 2017, Ms. Yun was travelling back to Pennsylvania from New Jersey when she lost her way on a road somewhere in or near Edison, New Jersey. (*Id.* ¶¶ 3-5). She was pulled over by Officer Parenty. (*Id.* ¶¶

---

[1]    Citations to the Complaint [DE 1] are abbreviated as "Cmplt."

2

6–12). During the stop, Officer Parenty requested Ms. Yun's driver's license and registration. (*Id.* at ¶ 10). However, Ms. Yun had allegedly cancelled her Pennsylvania driver's license years earlier and was, therefore, driving without a valid license. (*Id.* ¶ 57). Instead of a government-issued driver's license, Ms. Yun gave Officer Parenty her private identification from the American National People's Creator, and explained to the officer her beliefs on her rights as a sovereign citizen. (*Id.* at ¶ 10). She further pointed out that her vehicle had a car plate issued by the American National People's Creator that gave her the right to travel freely. (*Id.*). Ms. Yun explained further that she was not required to register under car. (*Id.* ¶ 11). Officer Parenty informed Ms. Yun that he did not recognize Ms. Yun's car plate and identification, and asked for her birthdate, which she gave according to two calendar systems. (*Id.* ¶ 18).

The events between the stop and Ms. Yun's eventual arrest are unclear. At some point, four unnamed police officers joined Officer Parenty, and allegedly harassed Ms. Yun, handcuffed her, and impounded her car. (*Id.* at 34–36). At some point Ms. Yun was incarcerated, and on September 22, 2017 (i.e., the morning after the traffic stop), Ms. Yun was released. (Compl. ¶ 37).

At some point, Ms. Yun was hit by a car while crossing the street. This, she says, would never have occurred if she had still possessed her car, which (she implies) was still impounded. (*Id.*).

At an undisclosed time, Ms. Yun's brother-in-law assisted her in registering her car (the state is not specified, but it seems to have been Pennsylvania. *Id.* ¶ 39; *see* Section I.B, *infra*.). The factual allegations of the Complaint make no specific mention of named defendants Governor Wolf, Secretary of Transport Richards, or former Secretary Torres. (*Id.* ¶¶ 80–93).

### B. Procedural history

I review the procedural history that is most pertinent to the motion before me.

On February 6, 2018, Ms. Yun filed this Complaint, which asserts fourteen counts. (Compl. ¶¶ 80–93). The following 13 claims I interpret as being claims against the New Jersey Defendants under 42 U.S.C. § 1983:

**Count 1.** Violation of the Fourth Amendment for falsely arresting Ms. Yun (Compl. ¶ 80);

**Count 2.** Violation of Ms. Yun's alleged right to travel by "refusing to dismiss" the traffic case against her, presumably related to her arrest, with the aim of gaining commercial profits, (see Compl. ¶ 82) (citing *Murdock v. Com. of Pennsylvania*, 319 U.S. 105 (1943));

**Count 3.** Violation of Ms. Yun's Fifth Amendment protection from self-incrimination, (*id.* ¶ 83);

**Count 4.** Violation of Ms. Yun's Sixth Amendment right to a trial by the jury of her peers, (*id.* ¶ 84);

**Count 5.** Violation of the Fifth Amendment by taking Ms. Yun's private property, namely her fingerprint, (*id.* ¶ 85);

**Count 6.** Violation of the Fifth Amendment by taking Ms. Yun's private property, namely taking a photograph of her face for purposes of a mugshot, (*id.* ¶ 86);

**Count 7.** Violation of the 14th Amendment for unlawfully imprisoning Ms. Yun in the Edison County jail for two hours, (*id.* ¶ 87);

**Count 9.** violation of the Fifth Amendment by seizing Ms. Yun's private property without her consent, namely taking her State ID, Private ID, and car tag allegedly asserting her citizenship under the American National People's Creator, (*id.* ¶ 88);

**Count 10.** violation of the Fourth Amendment for arresting Ms. Yun without probable cause. (*Id.* ¶ 89; See Count One).

**Count 11.** violation of the Fourth Amendment by searching and towing Ms. Yun's vehicle without probable cause, (*id.* ¶ 90);

**Count 12.** violation of the Seventh Amendment "by not settling claim for injury at common law and moving Martial Law/Martial Law equity under the color of law," (*id.* ¶ 91);

**Count 13.** violation of the Thirteenth Amendment by acting with the intent to make Ms. Yun a slave, (*id.* ¶ 92); and

4

> **Count 14.** Generally, violations of Fourteenth Amendment by depriving Ms. Yun of due process.

In **Count 8**, Ms. Yun brings her sole claim against the Pennsylvania Government Defendants, movants here. (Compl. ¶ 85). Count Eight alleges a claim under 42 U.S.C. § 1983 that the Pennsylvania Government Defendants trespassed on Ms. Yun's right to travel freely and her right to not contract with the Department of Motor Vehicles. (*Id.*).

Ms. Yun asserts that she has executed a default judgment against the Pennsylvania Government Defendants. (*id.* p. 20) The docket, however, reveals no clerk's entry of default against these defendants. (DE 1–28). Ms. Yun also asserts that the Pennsylvania Government Defendants have the executive power to grant Ms. Yun her "proper status," and "safe travel documents." (*Id.* p. 19). Further, Ms. Yun demands from the Pennsylvania Government Defendants a "state national passport and protected ID and car plate (Do not detain list) for right to travel" and a declaration that she holds legal and equitable title to her name. (*Id.* p. 19–20).

On June 1, 2018, the summonses to the Pennsylvania Government Defendants were returned executed. (DE 8).

On July 10, 2018, the Pennsylvania Government Defendants filed this motion to dismiss for lack of jurisdiction or in the alternative for failure to state a claim. (DE 11).

On July 27, 2018, Ms. Yun filed a motion to strike the defendants' motion. (DE 12). On August 14, 2018, the Pennsylvania Government Defendants filed a response in opposition to the motion to strike. (DE 14). On September 10, 2018, Ms. Yun filed a motion to strike that response. (DE 16). On October 1, 2018, the Pennsylvania Government Defendants filed a response to Ms. Yun's second motion to strike. (DE 17). On October 17, 2018, Ms. Yun filed a third motion to strike, which she characterizes as a sworn affidavit, although it is not notarized. (DE 18). On November 5, 2018, the Pennsylvania

Government Defendants filed a letter in response. (DE 20). On December 10, 2019, Ms. Yun filed a letter in further response. (DE 23).

For the reasons set forth below, I will deny all of the motions to strike (DE 12, 16, 18), and grant the motion (DE 11) to dismiss the complaint as against the Pennsylvania Government Defendants only.

## II. LEGAL STANDARDS

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also West Run Student Housing Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Where the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent

6

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

## III. DISCUSSION

### A. Motions to strike

Before addressing the motion to dismiss, I consider Ms. Yun's three motions to strike. "As a general matter, motions to strike under Rule 12(f) are highly disfavored." *F.T.C v. Hope Now Modifications, LLC*, No. CIV. 09-1204 JBS/JS, 2011 WL 883202, at *1 (D.N.J. Mar. 10, 2011) (citations omitted).

Viewed through the lens of the Civil Rule explicitly authorizing a motion to strike, Fed. R. Civ. P. 12(f), each of Ms. Yun's motions is invalid. Rule 12(f) authorizes a court "to strike from a pleading an insufficient defendant or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). The "pleadings" in a federal action consist of a complaint, an answer to a complaint, an answer to a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and, if the court so orders, a reply to an answer. Fed. R. Civ. P. 7(a). A motion to dismiss, however, is not a "pleading," and for that matter, neither is a response to a motion to strike. *See Thompson v. Real Estate Mortg. Network, Inc.*, Civ. No. 11-1494, 2018 WL 4604310, at *2 (D.N.J. Sept. 24, 2018) (holding that a motion to strike is the improper response to a motion for summary judgment).

Ms. Yun's motions to strike are denied.[2] There is no impertinent, scandalous, or otherwise improper matter that should not appear in the record.

---

[2] Ms. Yun's motions to strike contain another legal confusion. It is clear that Ms. Yun believes this Complaint also serves as a counterclaim against the Pennsylvania

7

Her contentions are more properly considered as her opposition to the motion to dismiss, and I will so consider them.

### B. Motion to dismiss

I now consider the Pennsylvania Government Defendants' motion to dismiss the claims against them pursuant to Fed. R. Civ. Pro. 12(b)(6). The only claim asserted against the Pennsylvania Government Defendants is Count 8, in which Ms. Yun alleges that the defendants violated 42 U.S.C. § 1983 by trespassing on her right to travel freely and her right to not contract with the Department of Motor Vehicles. (*Id.*).

Ms. Yun argues that she is a sovereign person and is therefore not bound by State statutes and laws, including motor vehicles statutes. (DE 12 ¶¶ 3–9). She demands that the Pennsylvania Government Defendants cancel her Pennsylvania driver's license (which, Ms. Yun now asserts, was permitted to expire in any event), and to provide her with 'free to travel documents' as a replacement. (DE 12 ¶¶ 14–23).

Ms. Yun is not the first person to assert that she is not subject to the laws of this country and its states. For example, in *Elam Family v. Pennsylvania*, the Middle District of Pennsylvania considered the complaint of another member of the American National People of the Creator, who sought one billion dollars in damages (in pre-1933 Silver Peace Dollars, please) for a traffic stop and arrest. No. 17-CV-1790, 2018 WL 4441532, at *1 (M.D. Pa.

---

Government Defendants in a matter allegedly before a magistrate judge. (*see e.g.*, DE 12 ¶ 6). While I find no such matter here, (DE 1–28), I do find some reports and recommendations from magistrate judges in the Middle District of Pennsylvania, both of which name a defendant or plaintiff with Ms. Yun's full legal name. *Pennsylvania v. Gloria Sun Jung Yun*, No. 3:18-MC-00066, 2018 WL 1178546, at *1 (M.D. Pa. 2018), *report and recommendation adopted sub nom.*, No. 3:18-MC-00066, 2018 WL 1175224 (M.D. Pa. 2018) (naming the defendant as "Gloria Sun Jung Yun" of East Stroudsburg, Pa); *Jung v. Pennsylvania*, No. 3:18-CV-01248, 2018 WL 3717213, at *1 (M.D. Pa. 2018), *report and recommendation adopted sub nom.*, No. 3:18-CV-1248, 2018 WL 3715722 (M.D. Pa. 2018) (naming the plaintiff as "Gloria Sun Jung Yun" of East Stroudsburg, Pa). *See also Jung Yun v. Bank of Am., N.A.*, No. CV 3:16-2416, 2016 WL 7324554, at *1 (M.D. Pa. Dec. 16, 2016) (naming the plaintiff as "Gloria Sun Jung Yun" of East Stroudsburg, Pa).

Aug. 1, 2018), *report and recommendation adopted*, No. 1:17-CV-1790, 2018 WL 4404709 (M.D. Pa. Sept. 17, 2018). The circumstances of that alleged stop and arrest, are similar to Ms. Yun's. *Id.* at *1 (alleging that an officer and four others apprehended the plaintiff, who presented her sovereign identification instead of a driver's license). That plaintiff, like Ms. Yun, argued that the she was not subject to any laws or authority within the United States and was therefore exempt from the laws of Pennsylvania. *Id.* at *3–*4. The court rejected the plaintiff's argument as wholly without merit. *Id.*

It is well established that "sovereign citizen" arguments, while made with some regularity, are patently frivolous. *See Smithson v. York Cty. Court of Common Pleas*, No. 1:15-CV-01794, 2016 WL 4521854, at *4 (M.D. Pa. Aug. 3, 2016), *report and recommendation adopted*, Civ. No. 15-01794, 2016 WL 4523985 (M.D. Pa. Aug. 29, 2016), *appeal dismissed sub nom.*, No. 16-3691, 2016 WL 9735721 (3d Cir. Dec. 13, 2016) ("[Plaintiff] claims that the defendants have no authority to incarcerate him because he is a 'sovereign citizen' and thus not subject to the laws of the Commonwealth of Pennsylvania—a patently frivolous claim. . . . [which] has no conceivable validity in American law."); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990). *See also Bey v. Hillside Twp. Mun. Court*, No. Civ. 11-7343, 2012 WL 714575, at *6 (D.N.J. Mar. 5, 2012) (holding that a plaintiff's claims based on his alleged citizenship in a sovereign nation organization were inherently frivolous, and stating that the plaintiff and those alleging similar claims belong to "organization[s] of scofflaws and ne'er-do-wells who attempt to benefit from the protections of federal and state law while simultaneously proclaiming their independence from and total lack of responsibility under those same laws.") (internal citations omitted).

Here, Ms. Yun's claims against the Pennsylvania Government Defendants in Count Eight are based solely on her declared rights as a sovereign citizen. They are wholly meritless. Thus, Count Eight is dismissed for failure to state a claim.

9

While I doubt that this Court has personal jurisdiction over the Pennsylvania Government Defendants, [3] the claims are so patently invalid that I dispose of them on substantive grounds. *See Skelcy v. UnitedHealth Grp., Inc.*, No. CIV. 12-01014, 2012 WL 6087492, at *5 (D.N.J. Dec. 6, 2012), *aff'd*, 620 F. App'x 136 (3d Cir. 2015) (declining to consider whether to dismiss claims 12(b)(2) grounds when those claims were conveniently resolved under 12(b)(6)).

## IV. CONCLUSION

Count Eight, the only one asserted against the Pennsylvania Government Defendants, fails to state a claim. Their motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is therefore granted. Because the claims against the Pennsylvania Government Defendants are based solely on sovereign citizen arguments, this is the unusual case in which amendment would be futile, so this dismissal is with prejudice.

An appropriate order accompanies this opinion.

Dated: February 22, 2019

KEVIN MCNULTY
United States District Judge

---

[3] I contemplate personal jurisdiction very briefly. As to general jurisdiction, Ms. Yun has not alleged any facts demonstrating that the Pennsylvania Government Defendants had "continuous and systematic" contact that would render them "at home" in New Jersey. *Senju Pharm. Co., Ltd. v. Metrics, Inc.*, 96 F. Supp. 3d 428, 435 (D.N.J. 2015) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). Surely, such a holding would sound some alarms. As to specific jurisdiction, I am intrigued, but not persuaded. Arguably, by granting its citizens driver's licenses, the Commonwealth of Pennsylvania contemplates that its citizens would enter into neighboring states. However, such a construction is too attenuated to meet the purposeful availment standard. *Compare Grand River Enterprises Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 167 (2d Cir. 2005) (holding that 31 non-New York current and former state attorneys general were subject to specific jurisdiction in New York under the rare circumstance that they had entered into a tobacco-related master settlement agreement in the state of New York and that agreement, along with related contraband and escrow statutes, was at the heart of an antitrust cause of action).