# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

**GLORIA SUN JUNG YUN,**

Plaintiff,

v.

**STATE OF NEW JERSEY et al.,**

Defendants.

Civ. No. 18-1804 (KM) (SCM)

**MEMORANDUM & ORDER**

## KEVIN MCNULTY, U.S.D.J.:

Now before the Court are several motions of *pro se* plaintiff Gloria Sun Jung Yun ("Ms. Yun") filed today, February 26, 2019. I first consider Ms. Yun's notice of joinder of Chief Judge Gary M. Price of the Municipal Court for the Township of Edison, New Jersey as a defendant. (DE 33). I second consider the related emergent motion (DE 31) for injunctive relief. The majority of Ms. Yun's motion asks this court to vacate an unspecified judgment by Judge Price and to void certain warrants for Ms. Yun's arrest. (DE 31). (Ms. Yun does not give details on the alleged warrants.). (*Id.*). In the alternative, Ms. Yun seeks an immediate hearing. (*Id.*). I third consider Ms. Yun's motion to strike the pending motion (DE 26) of defendants Edison Police Department, Prosecutor Metha, and Nicholas P. Parenty to dismiss her complaint. (DE 32).

\* \* \*

**First,** I consider Ms. Yun's motion to join Judge Price as a defendant (DE 33). The same standard that governs Fed. R. Civ. Pro. 15(a) regarding amendments to the complaint also governs joinder. The same liberal standard applicable to a motion for leave to amend a pleading governs an application for permissive joinder. *Bell v. Lockheed Martin Corp.*, No. CIV 08-6292, 2010 WL 2666950, at \*4 (D.N.J. June 23, 2010) ("Regardless of whether a motion to amend is considered under Rule 15 or Rule 20 of the Federal Rules of Civil

1

Procedure, the standard for adding a party is the same.") (internal citations omitted), *aff'd*, No. CIV. 08-6292, 2010 WL 3724271 (D.N.J. Sept. 15, 2010).

Under Fed. R. Civ. P. 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "[L]eave [to amend] shall be freely given when justice so requires." *Id.* Accordingly, the courts "have shown a strong liberality ... in allowing amendments under Rule 15(a)." *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing*, 663 F.2d 419, 425 (3d Cir.1981) (quoting 3 J. Moore, Moore's Federal Practice ¶ 15.08(2) (2d ed. 1989)). In this case, Ms. Yun's complaint (DE 1) alleges a number of grievances against a "magistrate judge Gary Price" (*see e.g.*, DE 1, ¶ 49).

In this case, I am inclined to grant Ms. Yun leave to amend because it appears that she may have intended all along to bring at least some of her claims against Judge Price. For example, in Count Six, Ms. Yun alleges that she was denied a trial by a jury of her peers (DE 1, ¶ 86), and in Count 12, Ms. Yun alleges that the defendants subjected her to martial law (*id.* ¶ 91).

\* \* \*

**Second,** I consider Ms. Yun's motion for a temporary restraining order (DE 31). A party seeking a temporary preliminary injunction must show: (1) a likelihood of success on the merits, (2) the prospect of irreparable harm, (3) that the harm would exceed harm to the opposing party, and (4) that the public interest favors relief. *Otsuka Pharm. Co. v. Torrent Pharm. Ltd., Inc.*, No. CIV.A. 14-1078 JBS/K, 2015 WL 1782653, at \*6-7 (D.N.J. Apr. 16, 2015).

Here, Ms. Yun seeks that this Court vacate a judgement by Judge Price and void the arrest warrants he has issued against her. Ms. Yun argues that Judge Price issued a judgment against her based upon her failure to appear in court despite the fact that Ms. Yun never received a notice to appear. (DE 31). She also complains that Judge Price issued warrants for Ms. Yun's arrest based on her failure to "pay Federal Reserve notes." (DE 31 p. 2). Ms. Yun argues, without support evidence, that her failure to pay was based on the

2

Judge or the Judge's clerk acting unlawfully. (*Id.*). Ms. Yun asserts that the Judge or the Judge's clerk acted unlawfully because they violated her rights as a sovereign citizen. (*Id.* pp. 2–3.) (The "federal reserve notes" allegation may be related to this.) Ms. Yun claims that she will suffer emotional and mental stress if she is arrested, which will cause irreparable injury to her health. (*Id.* p. 2).

First, I am not presented with a likelihood of success on the merits. Ms. Yun has not provided any evidence that Judge Price wrongfully filed his judgment other than her word that she did not receive notice to appear. Moreover, as I discussed in my previous opinion (DE 29), Ms. Yun's sovereign citizen arguments—essentially, that she is not required to submit to the jurisdiction of any government—are frivolous. Second, Ms. Yun has not presented evidence that she will suffer irreparable harm if the judgment and arrest warrants against her are not immediately vacated. If the problem is failure to appear, then she should appear and persuade the court that her failure to appear was excusable. Finally, the relief Ms. Yun seeks would disrupt New Jersey's processes of criminal adjudication and appellate review. The federal courts do not sit to review rulings in ongoing state court cases. Ms. Yun is instructed that the New Jersey state court system is the proper venue to appeal a state court's final judgment. For those reasons, Ms. Yun's emergent motion for a temporary restraining order is denied. Because these grounds are legal, and dispositive, a hearing is not required.

**Tangentially**, because Ms. Yun is a *pro se* litigant, and because I issued an opinion partially dismissing her complaint yesterday, I will also consider this TRO motion as a motion for reconsideration. Ms. Yun makes sovereign citizen arguments already rejected by this court. (*Id.* p. 3, ¶ 9) (arguing that Ms. Yun is a "special private citizen" subject to distinct rights and asserting that defendants forced her "to consent as U.S. person").

The standards governing a motion for reconsideration are well settled. See generally D.N.J. Loc. Civ. R. 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*,

935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). Local Rule 7.1(i) requires such a motion to specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.; see also Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997); *see also North River Ins. Co.*, 52 F.3d at 1218; *Bapu Corp. v. Choice Hotels Int'l, Inc.*, 2010 WL 5418972, at *4 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)).

Ms. Yun has not presented me with any meritorious reasons to change my opinion (DE 29).

\* \* \*

**Third**, I consider Ms. Yun's motion to strike the New Jersey Defendants' motion to dismiss her complaint. (DE 32). "As a general matter, motions to strike under Rule 12(f) are highly disfavored." *F.T.C. v. Hope Now Modifications, LLC*, No. CIV. 09-1204 JBS/JS, 2011 WL 883202, at *1 (D.N.J. Mar. 10, 2011) (citations omitted). In this case, I will not strike the defendants' motion, but I will consider Ms. Yun's arguments in her motion to strike as legal arguments in opposition.

4

## CONCLUSION

For the reasons expressed above, the motion of plaintiff (DE 33) to join Judge Price as a defendant is **GRANTED**, the motion of plaintiff (DE 31) for an injunction with temporary restraints is **DENIED**, and the motion of the plaintiff (DE 32) to strike is **DENIED**.

_____
**Kevin McNulty**
**United States District Judge**