# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GLORIA SUN JUNG YUN,** <br><br> Plaintiff, <br><br> v. <br><br> **STATE OF NEW JERSEY et al.,** <br><br> Defendants. | Civ. No. 18-cv-1804 (KM) (SCM) <br><br> **OPINION** |

### KEVIN MCNULTY, U.S.D.J.:

*Pro se* plaintiff Gloria Sun Jung Yun ("Ms. Yun") brings this Complaint ("Cplt.", DE 1) and against defendants the State of New Jersey, former Governor of the State of New Jersey Christopher Christie, and current Secretary of State for the State of New Jersey Tahesha Way (collectively, the "New Jersey Defendants").[1] Also named are Edison Municipal Court Judge Gary M. Price, Prosecutor Craig Metha, Edison Police Department, Nicholas P. Parenty, and four unnamed officers. (the "Edison Defendants") The Complaint arises out of events related to a traffic stop and arrest in Edison, New Jersey.

Now before this Court are motions to dismiss brought by the New Jersey Defendants (DE 43) and the Edison Defendants (DE 26) for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1), and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). For the reasons set forth in this Opinion, the motions to dismiss of the New Jersey and Edison defendants are granted.

---

[1] Ms. Yun also sued the Governor of the Commonwealth of Pennsylvania Thomas Westerman Wolf, Pennsylvania Secretary of Transportation Leslie Richards, former Secretary of the Commonwealth of Pennsylvania Robert Torres (collectively, the "Pennsylvania Government Defendants"), and, in his official capacity, former United States Secretary of State Rex Tillerson, for whom the current Secretary, Mike Pompeo was substituted. By separate orders, the action has been dismissed against those defendants.

1

## I. BACKGROUND[2]

### A. Facts

For the purposes of this motion to dismiss, the plaintiffs' allegations are accepted as true and disputed facts are construed in favor of the plaintiffs.

Ms. Yun, the plaintiff, admits that, at least "[a]ccording to the law," she is a citizen of Pennsylvania. (Cplt. ¶ 64; *Id.* p. 3). She asserts, however, that in reality she is a member of the American National People's [or People of the] Creator, a "nonresident private organization." (*Id.* at ¶ 13b).

Christopher Christie was the governor of the State of New Jersey until January 2018. (*Id.* p. 3). Secretary Way is currently the Secretary of State for the State of New Jersey. (*Id.*). Defendant the Edison Police Department is located in Edison, New Jersey. (*Id.*). Defendant Parenty is an officer of the Edison Police Department. (*Id.* p. 3; *id.* ¶ 3–5). The four unnamed officers presumably also work for the Edison Police Department. DefendantCraig Metha is a prosecutor in Edison. (*Id.* p. 3). On motion, I permitted Ms. Yun to add as a defendant Edison Municipal Court Judge Gary M. Price. (DE 34)

On September 21, 2017, Ms. Yun was travelling back to Pennsylvania from New Jersey when she lost her way on a road somewhere in or near Edison, New Jersey. (*Id.* ¶¶ 3–5). She was pulled over by Officer Parenty. (*Id.* ¶¶ 6–12). During the stop, Officer Parenty requested Ms. Yun's driver's license and registration. (*Id.* at ¶ 10). However, Ms. Yun had allegedly cancelled her Pennsylvania driver's license years earlier and was, therefore, driving without a valid license. (*Id.* ¶ 57). Instead of a government-issued driver's license, Ms. Yun gave Officer Parenty her private identification from the American National People's Creator, and explained to the officer her beliefs as to her rights as a

---

[2] Citations to the Complaint [DE 1] are abbreviated as "Cplt."

Filed with the Complaint is a document denominated "Counterplaintiff's Notice of Removal." Parts of it are also attached to the complaint, however. Also therein are an affidavit, notice of subrogation, exhibits, etc. This entire document, which seems to be an alternative or supplemental version of the plaintiff's allegations, will be cited as "Notice", DE 1-1.

sovereign citizen. (*Id.* at ¶ 10). She further pointed out that her vehicle had a car plate issued by the American National People's Creator that gave her the right to travel freely. (*Id.*). Ms. Yun explained further that she was not required to register her car. (*Id.* ¶ 11). Officer Parenty informed Ms. Yun that he did not recognize Ms. Yun's car plate and identification, and asked for her birthdate, which she gave according to two calendar systems. (*Id.* ¶ 18).

At some point, four unnamed police officers joined Officer Parenty. They allegedly harassed Ms. Yun, handcuffed her, and impounded her car. (*Id.* at 34–36). At some point Ms. Yun was taken into custody, and on September 22, 2017 (i.e., the morning after the traffic stop), Ms. Yun was released. (Compl. ¶ 37). (Elsewhere, she states that she was held for 2 hours. (Notice, De 1-1 at 23.)

Attached to the Notice is a police report of the traffic stop. (Notice, DE 1-1 at 10). Also attached are fairly illegible copies of a nine traffic tickets. (Notice, DE 1-1 at 11–13)

Later, on September 22, 2017, Ms. Yun was hit by a car while crossing the street. This, she says, would never have occurred if she had still possessed her car, which (she implies) was still impounded. (Compl. ¶ 37)

Apparently, there was a court hearing of some kind, before Municipal Court Judge Price. Cplt. ¶ 9. There, Ms. Yun claimed that she was "not bound to any other law but God's law." (DE 33 p. 1) She objects that Judge Price had no jurisdiction to issue a warrant for failure to appear, because she has a constitutional right to travel, and because under the Thirteenth Amendment she cannot be "forced . . . to be the U.S. Citizen." (DE 2–3)

### B. The Complaint

On February 6, 2018, Ms. Yun filed this Complaint, which asserts fourteen counts. (Compl. ¶¶ 80–93). Thirteen of them seem to be claims against the New Jersey or Edison Defendants under 42 U.S.C. § 1983:

**Count 1.** Violation of the Fourth Amendment for falsely arresting Ms. Yun (Compl. ¶ 80);

3

**Count 2.** Violation of Ms. Yun's alleged right to travel by "refusing to dismiss" the traffic case against her, presumably related to her arrest, with the aim of gaining commercial profits, (see Compl. ¶ 82) (citing *Murdock v. Com. of Pennsylvania*, 319 U.S. 105 (1943));

**Count 3.** Violation of Ms. Yun's Fifth Amendment protection from self-incrimination, (*id.* ¶ 83);

**Count 4.** Violation of Ms. Yun's Sixth Amendment right to a trial by the jury of her peers, (*id.* ¶ 84);

**Count 5.** Violation of the Fifth Amendment by taking Ms. Yun's private property, namely her fingerprint, (*id.* ¶ 85);

**Count 6.** Violation of the Fifth Amendment by taking Ms. Yun's private property, namely taking a photograph of her face for purposes of a mugshot, (*id.* ¶ 86);

**Count 7.** Violation of the 14th Amendment for unlawfully imprisoning Ms. Yun in the Edison County jail for two hours, (*id.* ¶ 87);

**Count 8.** [Against Pennsylvania defendants]

**Count 9.** violation of the Fifth Amendment by seizing Ms. Yun's private property without her consent, namely taking her State ID, Private ID, and car tag allegedly asserting her citizenship under the American National People's Creator, (*id.* ¶ 88);

**Count 10.** violation of the Fourth Amendment for arresting Ms. Yun without probable cause. (*Id.* ¶ 89; *See* Count One).

**Count 11.** violation of the Fourth Amendment by searching and towing Ms. Yun's vehicle without probable cause, (*id.* ¶ 90);

**Count 12.** violation of the Seventh Amendment "by not settling claim for injury at common law and moving Martial Law/Martial Law equity under the color of law," (*id.* ¶ 91);

**Count 13.** violation of the Thirteenth Amendment by acting with the intent to make Ms. Yun a slave, (*id.* ¶ 92); and

**Count 14.** Generally, violations of Fourteenth Amendment by depriving Ms. Yun of due process.

Ms. Yun has submitted many letters and other documents which name dozens of other parties and make many factual allegations. (*See, e.g.,* DE 49, 50, 51, 52) The Complaint (DE 1), however, remains the operative pleading, and motions to dismiss by various defendants have been made and are pending. I here deal with the motions to dismiss in relation to that Complaint.

## II. LEGAL STANDARDS

Rule 12(b)(1), Fed. R. Civ. P., provides for the dismissal of a complaint for lack of subject matter jurisdiction.

> The burden of establishing federal jurisdiction rests with the party asserting its existence. [citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3, 126 S. Ct. 1854, 164 L.Ed.2d 589 (2006).] "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual." [citing *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)).] A facial attack "concerns 'an alleged pleading deficiency' whereas a factual attack concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" [citing *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (alterations in original) (quoting *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir.2007)).]

> "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." [citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).] By contrast, in reviewing a factual attack, "the court must permit the plaintiff to respond with rebuttal evidence in support of jurisdiction, and the court then decides the jurisdictional issue by weighing the evidence. If there is a dispute of a material fact, the court must conduct a plenary hearing on the contested issues prior to determining jurisdiction." [citing *McCann v. Newman*

5

> *Irrevocable Trust*, 458 F.3d 281, 290 (3d Cir. 2006) (citations omitted).]

*Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (footnotes omitted; case citations in footnotes inserted in text).

Rule 12(b)(6), Fed. R. Civ. P., provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also West Run Student Housing Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Where the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*,

6

704 F.3d 239, 245 (3d Cir. 2013). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

### III. DISCUSSION

#### A. Rule 12(b)(1) motion/§ 1983 personhood (NJ Defendants)

Ms. Yun sues the State of New Jersey, as well as its former Governor and Secretary of State Secretary Way. She seeks damages and also seeks to compel Secretary Way to issue her "safe travel documents." This Court's jurisdiction is precluded by the Eleventh Amendment. Relatedly, the State defendants are not "persons" amenable to suit under 42 U.S.C. § 1983.

The Eleventh Amendment incorporates a general principle of sovereign immunity that bars citizens from suing any State in federal court. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). That sovereign immunity "is a jurisdictional bar which deprives federal courts of subject matter jurisdiction" over states that have not consented to suit. *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996) (citing *Halderman*, 465 U.S. at 98–100, 104 S. Ct. 900); *accord Pennhurst*, 465 U.S. at 98 (*citing Hans v. Louisiana*, 134 U.S. 1 (1980)).³ The State's Eleventh Amendment immunity extends to private suits against "state agencies, departments, and officials when the state is the real party in interest." *Pennsylvania Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002) (quoting *Alden v. Maine*, 527 U.S. 706, 751, 119 S. Ct. 2240 (1999)); *see also Antonelli v. New Jersey*, 310 F. Supp. 2d 700, 712 (D.N.J. 2004) (noting that "[s]overeign immunity is routinely extended to state agencies and state officials acting in

---

³ The Eleventh Amendment bar applies unless Congress has abrogated it, or the State has waived it, two exceptions that do not apply here. *E.g.*, *Pa Fedn. of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002). Congress did not abrogate the States' sovereign immunity when it enacted section 1983. *E.g.*, *Quern v. Jordan*, 440 U.S. 332, 342 (1979).

7

their official capacities where it is show that the state is the real, substantial party in interest"), *aff'd*, 419 F.3d 267 (3d Cir. 2005).

As to section 1983, there is another issue that is technically distinct from the jurisdictional issue of Eleventh Amendment immunity, but is customarily analyzed together with it. I refer to the issue of who or what is a suable "person" under section 1983. Section 1983 extends to "[e]very *person*" who commits a constitutional deprivation under color of state law. As under the Eleventh Amendment, a state, its departments, and state officials, sued in their official capacities, are not considered "persons" amenable to suit under section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67-71 & n.10 (1989); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985).

Defendant State of New Jersey, then, is unquestionably immune from suit under the Eleventh Amendment and is not a "person" amenable to suit under § 1983. Governor Christie and Secretary Way, to the extent they are sued in their official capacities, likewise partake of the State's Eleventh Amendment immunity and are not "persons" for purposes of § 1983. [4]

The State Defendants' Rule 12(b)(1) motion to dismiss the Complaint for lack of subject matter jurisdiction is therefore granted.

### B. Rule 12(b)(6) Motion (grounds applicable to NJ Defendants only)

The New Jersey Defendants also move to dismiss the Complaint for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. Pro. 12(b)(6). This motion is asserted primarily with respect to Secretary

---

[4] On the other hand, a state official sued in his or her personal capacity is a "person" amenable to suit under section 1983, and does not enjoy Eleventh Amendment protection. *Hafer v. Melo*, 502 U.S. 21, 30-31 (1991).; *Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 856 (3d Cir. 2014). The complaint does not allege that Christie or Way performed any particular act in relation to the Edison traffic stop; they are sued solely by virtue of the positions they occupy. There is a narrow exception: An official may be sued for prospective injunctive relief. *Will*, 491 U.S. at 71 n.10; *Hafer*, 502 U.S. at 27. To the extent such a claim might survive the jurisdictional analysis, it fails to state a claim upon which relief may be granted. *See* Section III.B and III.C, *infra*.

Way. As to the other New Jersey Defendants, already dismissed on jurisdictional grounds, these would be alternative grounds for dismissal.

To begin with, say the New Jersey defendants, there are no specific factual allegations made against Secretary Way. (The same may be said as to the State or former Governor Christie.) The Complaint does not allege that they did anything in relation to the Edison traffic stop. It simply complains generally that Ms. Yun is not subject to State authority, and alleges that Secretary Way should have issued her a "safe travel document," whatever that may be. If by that she means a driver's license, she has no claim because she does not reside in New Jersey. (I note in addition that Ms. Yun earlier surrendered her Pennsylvania driver's license, apparently on sovereign-citizen grounds.)

It is not alleged that Secretary Way (or Christie, or the State) possesses supervisory authority over the Edison Defendants involved in the traffic stop and its aftermath. And it would not matter if supervisory authority had been alleged. There is no *respondeat superior* liability under § 1983. A government will be held liable only by virtue of his or her own acts or misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937, 1949 (2009). A plaintiff must show "that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676, 129 S. Ct. at 1948. *See also Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690–91, 98 S. Ct. 2018, 2035–36 (1978). This complaint, however, does not allege that the State Defendants, or Secretary Way in particular, did any particular act with respect to plaintiff Yun that violated the Constitution.

For these reasons, and in the alternative, the New Jersey Defendants' motion to dismiss the complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), is granted. *See also* Section III.C, *infra.*

### C. Rule 12(b)(6) Motion (grounds applicable to both New Jersey and Edison Defendants)

The Complaint and Notice recite a bewildering variety of theories. All, however, have a common theme. For one reason or another, the State and municipal authorities have no power over Ms. Yun. Here is a sampling:

9

Because Ms. Yun is the "registered owner" of her name, no one can proceed against her without her consent. (Cplt. p. 2 ¶2)

Her citizenship is bifurcated according to whether her name is in initial capital letters, or ALL CAPITALS. Under ancient Roman law she has suffered a loss of sovereignty and is being treated as a slave. (Cplt p. 13)

As a member of the "American National People's Creator" organization she is authorized to travel, and her car is owned by a "foreign trust" (Cplt. pp. 2 ¶¶10–13)

She is an "inhabitant" of Pennsylvania, not New Jersey, but apparently not a citizen or resident of any State. (Cplt. p. 3 ¶¶13, 14; p. 9 ¶ 49; Notice De 1-1 at 19–20)

She has a right to use an "unregistered birth date" as a "living breathing woman created by God." (Cplt. pp. 5–6 ¶18)

The requirement of a driver's license applies only to commercial activities. (Cplt. pp. 6–7, 11–12; *see also* Notice, DE 1-1 at 18)

The state municipal court was operating under martial law, and has no jurisdiction over her as a "private living woman." The means by which she was brought before the court constituted an invalid "contract of adhesion." (Cplt. p. 9; *see also* Notice, DE 1-1 at 19–20)

She was not driving within a federal enclave and the road she traveled on is not a territory of the State of New Jersey. (Cplt. pp. 15–16; Notice, DE 1-1 at 19)

Attached to the Complaint are various documents intended to establish that the American National People of the Creator constitutes a separate, sovereign nation, placing the police on notice of such, declaring that use of any member's name is tortious, a sample "diplomat card," and so on. (Cplt., DE 1 at pp. 38–63)

I summarize and incorporate the analysis from my earlier Opinion dismissing the Complaint as against the Pennsylvania defendants. (DE 29) Here, as there, Ms. Yun's claims largely revolve around her contention that she is a sovereign person and member of the American National People of the Creator. As a result, she says, she is not bound by State statutes, including motor vehicle laws, and the municipal court has no jurisdiction over her. (DE 12 ¶¶ 3–9). In that earlier Opinion, I cited and discussed *Elam Family v.*

10

*Pennsylvania*, No. 17-CV-1790, 2018 WL 4441532, at *1 (M.D. Pa. Aug. 1, 2018), *report and recommendation adopted*, No. 1:17-CV-1790, 2018 WL 4404709 (M.D. Pa. Sept. 17, 2018) (rejecting claim in connection with traffic stop in which the plaintiff presented her sovereign identification instead of a driver's license and claimed that, as a member of the American National People of the Creator, she was exempt from state traffic laws). "Sovereign citizen" arguments, while made with some regularity, are patently frivolous. *See Smithson v. York Cty. Court of Common Pleas*, No. 1:15-CV-01794, 2016 WL 4521854, at *4 (M.D. Pa. Aug. 3, 2016), *report and recommendation adopted*, Civ. No. 15-01794, 2016 WL 4523985 (M.D. Pa. Aug. 29, 2016), *appeal dismissed sub nom.*, No. 16-3691, 2016 WL 9735721 (3d Cir. Dec. 13, 2016) ("[Plaintiff] claims that the defendants have no authority to incarcerate him because he is a 'sovereign citizen' and thus not subject to the laws of the Commonwealth of Pennsylvania—a patently frivolous claim. . . . [which] has no conceivable validity in American law."); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990). *See also Bey v. Hillside Twp. Mun. Court*, No. Civ. 11-7343, 2012 WL 714575, at *6 (D.N.J. Mar. 5, 2012) (holding that a plaintiff's claims based on his alleged citizenship in a sovereign nation organization were inherently frivolous, noting that such persons sue for the "protections of federal and state law while simultaneously proclaiming their independence from and total lack of responsibility under those same laws.") (internal citations omitted).

These allegations fail to state a claim, and are dismissed as frivolous.[5]

## IV.    CONCLUSION

The motions of the New Jersey and Edison Defendants to dismiss the complaint on jurisdictional and substantive grounds are granted. The original Complaint has now been dismissed as to all defendants. As this is an initial

---

[5] I note in addition that there are no factual allegations whatever as to Prosecutor Metha, and no factual allegations to support *Monell* municipal liability as to the Edison Police Department or the Township of Edison. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 98 S. Ct. 2018 (1978).

11

dismissal, it is without prejudice to the filing within 30 days of a short, properly supported motion to amend the complaint. Such a motion shall be short; it shall attach a proposed amended complaint; and it shall state a recognized cause of action under federal law without reference to "sovereign citizen" arguments. The clerk shall close the file. An appropriate order accompanies this opinion.

Dated: July 29, 2019

KEVIN MCNULTY
**United States District Judge**